

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Vance Estes (#2013-0902080), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 1374 |
| Officer McEnerney, et al., | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vance Estes, an inmate at Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 1964, alleging that seven Chicago police officers violated his rights while effectuating his arrest on September 1, 2013. This matter is before the Court on Defendants' motion to dismiss portions of Plaintiff's fourth amended complaint [54]. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges in his fourth amended complaint that on September 1, 2013, Chicago police officers arrested him while he was sitting in his parked vehicle and seized his personal property from the vehicle. (Dkt. No. 48, 4th Am. Comp. ("Comp.") at 15-16.) While effectuating the arrest, Officer Otero allegedly reached through the open driver's side window of Plaintiff's vehicle, punched Plaintiff in the head, grabbed Plaintiff's shirt, and strangled Plaintiff. (Comp. at 16-17.) Officer McDonnell, who was on the passenger's side of Plaintiff's vehicle, allegedly struck Plaintiff's head with a gun and punched Plaintiff in the face and about his body. (Comp. at 17.) Officer McDermott then allegedly extracted Plaintiff from the vehicle, struck Plaintiff's head with a gun, and threw Plaintiff to the pavement where "they continued to assault and batter" Plaintiff. (Comp. at 17-18.) After Plaintiff was handcuffed, Otero allegedly

conducted a strip search of Plaintiff while Plaintiff lay on the ground. (Comp. at 18.) Plaintiff says that Officers McDonnell, McDermott, McEnerney, Kennedy, Omara, and New stood nearby during the strip search; some of the officers watched the strip search while others tried to control the crowd of bystanders. (Comp. at 19.)

Additional law enforcement officers arrived "moments later." (Comp. at 19.) A "police commander" examined Plaintiff, asked the officers what had happened, and ordered the officers to call for medical assistance. (Comp. at 19-20.) When the commander walked away, the officers allegedly made derogatory remarks, including racial slurs, to Plaintiff. (Comp. at 20.) Medical personnel arrived "moments later," examined Plaintiff, and transported him to a hospital, where he received sutures in his skull, right eye, and chin. (Comp. 20-21.) Plaintiff also says he sustained severe trauma to his right eye that resulted in corneal damage; bruises on his face, neck, collar bone, and body; and abrasions on his knees, hands, wrists, arms, and elbows. (Comp. at 21.)

Plaintiff was then transported to a police station where he was placed in a holding cell. Unidentified police officers—who Plaintiff "believes" he previously filed complaints against—waved at him, laughed at him, pointed at him, and made comments such as "You gone sue us too," and "How much did you get from us last time." (Comp. 22-23.) Otero then entered the holding cell and conducted a second strip search of Plaintiff. (Comp. at 23.) Plaintiff subsequently was charged, fingerprinted, photographed, and returned to a holding cell, where he complained to "the staff on duty" that he was feeling significant pain from his injuries. (Comp. 23-24.) Plaintiff was transported back to the hospital for treatment. (Comp. at 24). Plaintiff remains in custody on charges of possession of a controlled substance with intent to deliver, aggravated battery of a peace officer, and resisting arrest. (Comp. at 24.)

In his fourth amended complaint, Plaintiff explicitly enumerates thirteen claims: unspecified "civil rights violations" (Comp. at 24); "civil rights conspiracy" (Comp. at 24-25); a civil RICO violation (Comp. at 25); "racial profiling and racial intimidation" (Comp. at 26); "deliberate indifference" (Comp. at 26); gross negligence (Comp. at 26-27); excessive force (Comp. at 28-29); assault and battery (Comp. at 29); "unlawful strip search" (Comp. at 29-30); "delayed medical attention" (Comp. at 30); "retaliation and intimidation of a witness/victim" (Comp. at 30-31); defamation (Comp. at 31); and intentional infliction of emotional distress (Comp. at 32). Plaintiff names Officers Otero, McDonnell, McDermott, McEnerney, Kennedy, Omara, and New as defendants to the fourth amended complaint. (Comp. at 1.) Plaintiff also attempts to reinstate Superintendent McCarthy as a defendant to this action even though McCarthy was previously dismissed with prejudice. (Comp. at 1; *see* Dkt. No. 37.)

Before the Court is the Defendants' motion to dismiss portions of Plaintiff's fourth amended complaint.

## ANALYSIS

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient

3

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### Excessive Force and Unlawful Search

As an initial matter, Defendants concede that Plaintiff states a federal claim against Defendants Otero, McDonnell, and McDermott arising from their alleged use of force in effectuating Plaintiff's arrest as well as a claim against Defendant Otero arising from the allegedly unlawful strip searches. (Dkt. No. 54, Defs. Mot. to Dismiss at 9.) Plaintiff therefore may proceed against Defendants Otero, McDonnell, and McDermott on a claim of excessive force arising from the officers' alleged conduct in effectuating Plaintiff's arrest on September 1, 2013, as well as an unreasonable search claim against Otero arising from the two alleged strip searches—one in public and one at the police station—on September 1, 2013.

Plaintiff, however, does not state a claim against any other Defendant arising from the events of September 1, 2013. Plaintiff argues that he stated a claim against the other Defendants for failure to intervene to prevent Otero's, McDonnell's, and McDermott's conduct. But the facts pleaded by Plaintiff show only that "some" of the officers allegedly stood by and watched while others attempted to control bystanders. Plaintiff's facts therefore are insufficient to confer liability on any other Defendant insofar as the facts do not show that any particular Defendant had a reasonable opportunity to intervene but failed to do so.

## Gross Negligence, Intentional Infliction of Emotional Distress, and Battery

Defendants' motion to dismiss Plaintiff's state-law claims of negligence and intentional infliction of emotional distress ("IIED") is denied in part and granted in part. Defendants argue that the Illinois Local Government and Governmental Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, "bars legal action against a municipality or any of its employees based on negligence." (Defs. Mot. to Dismiss at 11.) But Defendants did not identify a specific section of the Act that provides blanket immunity against claims of negligence. Thus, Defendants failed to establish that Plaintiff's negligence claim is barred under the Tort Immunity Act, *see Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 280 (Ill. 2003) (explaining that government bears burden of establishing that the Tort Immunity Act bars liability), and they raised no other challenge to the claim. Defendants' motion to dismiss Plaintiff's negligence claim therefore is denied as to Defendants Otero, McDonnell, and McDermott, arising from their conduct on September 1, 2013, but granted as to all other Defendants because Plaintiff alleged no conduct by any other defendant that plausibly rises to the level of negligence.

Similarly, Defendants' motion to dismiss Plaintiff's IIED claim is denied as to Defendants Otero, McDonnell, and McDermott but granted as to all other Defendants. The allegations in the section of Plaintiff's pleading titled "intentional infliction of emotional distress" are little more than conclusory statements devoid of facts sufficient to state a claim against Defendants. (*See* Comp. at 32.) As such, Defendants argue, Plaintiff failed to plead facts sufficient to support a claim for IIED. (Defs. Mot. to Dismiss at 4.) Plaintiff, however, alleged facts in the "summary of comment" section of his fourth amended complaint that, if accepted as true, show Defendants Otero, McDonnell, and McDermott engaged in arguably extreme and outrageous conduct while

5

effectuating Plaintiff's arrest. Consequently, Plaintiff alleged enough at this stage of the litigation to proceed on a claim of intentional infliction of emotional distress against Defendants Otero, McDonnell, and McDermott arising from their alleged conduct on September 1, 2013.

In addition, Plaintiff motion to dismiss is denied as to Plaintiff's state-law battery claim against Defendants Otero, McDonnell, and McDermott arising from the alleged use of force as well as against Defendant Otero arising from the public strip search.[1] Under Illinois law, a police officer may be liable for a battery committed in the course of a lawful arrest if "he acted with actual or deliberate intention to harm or with utter indifference to or conscious disregard for the safety of others." *Chelios v. Heavener*, 520 F.3d 678, 693 (7th Cir. 2008). Accepting his allegations as true as it must at this juncture, Plaintiff alleged sufficient facts from which it may be inferred that Otero's, McDonnell's and McDermott's conduct at the scene of Plaintiff's arrest was intended to cause harm.

Plaintiff's remaining claims must be dismissed as to all Defendants.

## Civil RICO

Plaintiff failed to allege facts sufficient to sustain a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). RICO is "concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006) (collecting cases). To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* Here, Plaintiff alleged facts showing only an isolated instance of alleged misconduct by three Chicago

---

[1] Defendants did not challenge Plaintiff's "assault and battery" claim in their motion to dismiss. Nevertheless, for the sake of completeness and in the absence of an initial assessment of Plaintiff's forth amended complaint under 28 U.S.C. § 1915A, the Court takes this opportunity to address each claim explicitly enumerated by Plaintiff in his fourth amended complaint.

police officers and, despite Plaintiff's conclusory assertions to the contrary, the alleged conduct does not fall within the categories of conduct identified as actionable under RICO. *See* 18 U.S.C. § 1961(1). That is, Plaintiff alleged facts showing only a potentially unreasonable search and seizure, not a predicate act of racketeering activity as defined by section 1961(1). Thus, Plaintiff's RICO claim is dismissed without prejudice.

**Defamation**

Defendants are entitled to absolute immunity from any claim that they defamed Plaintiff by identifying him as a "Lowden Homes Gangster Disciple Gang Member" on an arrest report and in the LEADS database. Absolute privilege is a defense to a claim of defamation against government actors. *Geick v. Kay*, 603 N.E.2d 121, 127 (Ill. App. Ct. 1992). Absolute privilege was established to ensure that government actors may "exercise their duties unembarrassed by the fear of damages suits in respect of acts done in the course of those duties . . . ." *Harris v. News-Sun*, 646 N.E.2d 8, 11 (Ill. App. Ct. 1995) (quoting *Barr v. Matteo*, 360 U.S. 564, 571 (1959)). The Court considers only "whether the statements made were reasonably related to [Defendants'] duties" in assessing whether a defendant is entitled to the privilege. *Geick*, 603 N.E.2d at 127-28. Absolute privilege cannot be overcome by a showing of improper motivation, knowledge of the statement's falsity, or a malicious intent. *Geick*, 603 N.E.2d at 127.

Here, Plaintiff complains that Defendants maliciously included untrue statements concerning his gang affiliation in an arrest report and entered the information into a law enforcement database. But preparing arrest reports and maintaining the law enforcement database are indisputably related to Defendants' duties as police officers. Defendants therefore are entitled to immunity from a claim of defamation stemming from those actions. *See, e.g.,*

7

*Harris*, 646 N.E.2d at 8 (affirming finding of absolute privilege arising from detective's statements to media concerning investigation and arrest and noting that statements were made in course of detective's duties); *Cain v. Illinois*, 2001 WL 34677727, at *9-10 (Ill. Ct. Cl. Feb. 28, 2001) (denying defamation claim against conservation officer for making allegedly false statements imputing commission of a crime). Plaintiff's defamation claim is dismissed with prejudice.

### "Civil Rights Conspiracy," "Racial Profiling and Racial Intimidation," and "Retaliation and Intimidation of a Witness"

Plaintiff's claims of "civil rights conspiracy," "racial profiling and racial intimidation," and "retaliation and intimidation of a witness" must be dismissed because Plaintiff alleged insufficient facts to support his claims. To state a claim for conspiracy under § 1983, a complaint must include plausible allegations of a conspiracy to violate Plaintiff's constitutional rights, *Twombly*, 550 U.S. at 556, but Plaintiff alleged no such facts in his fourth amended complaint. Instead, Plaintiff relies on conclusory statements that Defendants conspired to "obstruct the due course of justice," "retaliate against Plaintiff . . . for civil lawsuits filed in the past," deprive Plaintiff of "equal protections of law or of privileges and immunities under laws," and cover up official misconduct. But mere invocation of the word "conspiracy" followed by legal conclusions will not suffice to state a claim under Rule 8. *See Iqbal*, 556 U.S. at 678 (explaining that threadbare recitations of the elements of a cause of action, supported by mere conclusory statements are insufficient to satisfy Rule 8).

Plaintiff's "racial profiling and racial intimidation" claim suffers from similar flaws insofar as Plaintiff contends that Defendants "selectively chose [Plaintiff] as a target . . . because of his race" and made racial slurs toward Plaintiff (*see* Comp. at 26) but supported his contention only with facts showing that some of the Defendants made racially charged remarks toward Plaintiff

following his arrest. Racial slurs alone, however, are insufficient to establish a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language . . . does not violate the Constitution."). Plaintiff's "retaliation and intimidation of a witness" is equally threadbare.[2] (*See* Comp. at 30-31. Consequently, Plaintiff's "civil rights conspiracy," "racial profiling and racial intimidation," and "retaliation and intimidation of a witness" are dismissed without prejudice.

## Deliberate Indifference

It is unclear what Plaintiff intended by including the section titled "deliberate indifference" in his pleading (*see* Comp. at 26) but it appears to be an attempt to reinstate Superintendent McCarthy as a defendant to this action. McCarthy, however, was dismissed with prejudice on June 12, 2014, and Plaintiff presented no basis for the Court to reconsider that dismissal.[3] Moreover, Plaintiff's allegations concerning "deliberate indifference" consist of nothing more than generalized labels and conclusions, *e.g.*, Plaintiff alleges that Defendants acted with "reckless indifference to the Plaintiff's constitutional rights and acted with intentional malice with a desire to injure" Plaintiff. But as discussed above, such allegations are insufficient to state a claim under Rule 8. Plaintiff's deliberate indifference claim is dismissed with prejudice.

---

[2] Defendants did not directly address Plaintiff's "retaliation and intimidation of a witness" claim in their motion to dismiss. Nevertheless, for the sake of completeness and in the absence of an initial assessment of Plaintiff's forth amended complaint under 28 U.S.C. § 1915A, the Court takes this opportunity to address each claim explicitly enumerated by Plaintiff in his fourth amended complaint.

[3] Plaintiff attempts to invoke liability against Defendant McCarthy throughout his fourth amended complaint, but Plaintiff's allegations against McCarthy consist of nothing more than labels and conclusions. For example, Plaintiff's assertion that "McCarthy, at his direction, policy, and/or knowledge and consent knew of the misconduct and condoned it, or turned a blind eye to it creating a substantial moving force for risk of and/or injury to the Plaintiff" (Comp. at 25), is devoid of any facts showing how McCarthy allegedly violated Plaintiff's rights. As such, the allegation (as well as other similar allegations) is insufficient to state a claim against McCarthy. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)).

### Delayed Medical Attention

Plaintiff pleaded facts showing that he received prompt and adequate medical attention to his injuries, and thus he has no claim arising from his medical treatment. Specifically, Plaintiff alleges that "moments" after his encounter with Defendants Otero, McDonnell, and McDermott, a police commander arrived on site, examined Plaintiff, and ordered the officers to call medical personnel. Medical personnel arrived "moments later," examined Plaintiff, and transported Plaintiff to a hospital, where he received treatment for his injuries. Given Plaintiff's factual allegations, he cannot contend in good faith that Defendants caused a significant delay in the treatment of his injuries. Moreover, the mere fact that Defendants may have taunted Plaintiff while he was awaiting medical attention or while he was being transported to the hospital does not give rise to a claim. *See DeWalt*, 224 F.3d at 613 (explaining that verbal harassment is not a constitutional violation). Plaintiff therefore pleaded himself out of court on any claim arising from treatment of his injuries on September 1, 2013. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (explaining that a plaintiff may plead himself out of court by alleging facts that defeat his claim); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (same). Consequently, any claim against Defendants arising from the medical attention Plaintiff received on September 1, 2013, is dismissed with prejudice.

### **CONCLUSION**

Accordingly, Defendants' motion to dismiss portions of Plaintiff's fourth amended complaint [54] is granted in part and denied in part. Defendants' motion to dismiss is denied as to Plaintiff's claims against Defendants Otero, McDonnell, and McDermott for excessive force, battery, gross negligence, and intentional infliction of emotional distress arising from the officers'

conduct in effectuating Plaintiff's arrest on September 1, 2013. Defendants' motion to dismiss is also denied as to Plaintiff's claims of unreasonable search, gross negligence, and intentional infliction of emotional distress against Defendant Otero arising from the two alleged strip searches on September 1, 2013. Defendant McCarthy was previously dismissed from this action with prejudice [37]. Defendant's motion to dismiss all remaining claims and defendants is granted; dismissal of Defendants McEnerney, Kennedy, Omara, and New is without prejudice. Plaintiff's request for leave to file a supplemental response to defendants' motion to dismiss [63] is granted; the Court considered Plaintiff's supplemental response in ruling on Defendants' motion. The case remains stayed pending resolution of Plaintiff's criminal proceedings.

Date: 10-14-15            /s/ [signature]